UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AFFORDABLE RESTORATION, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | Case No. 2:24-cv-00654<br><br>COMPLAINT (Breach of Contract, Insurance Bad Faith, Violation of the Consumer Protection Act, and Violation of Insurance Fair Conduct Act)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Affordable Restoration, LLC, and for its claims against Defendant Allstate Vehicle and Property Insurance Company, allege as follows:

## I.   PARTIES

1.1.   Plaintiff Affordable Restoration, LLC, ("Affordable Restoration") is a Washington limited liability company licensed to perform property mitigation services in King County, Washington.

1.2.   Defendant Allstate Vehicle and Property Insurance Company ("Allstate") is an insurance company organized under the laws of Illinois that maintains its principal place of

COMPLAINT – Page 1
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

business in Northbrook, Illinois. At all material times, Allstate was licensed and authorized to issue insurance policies in the state of Washington, and sold insurance policies in King County, Washington, including the insurance policy at issue in this lawsuit.

## II. JURISDICTION AND VENUE

2.1 The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

2.2 The Court has personal jurisdiction over Allstate because Allstate regularly transacts business in King County, Washington, including marketing and selling the subject insurance policy, and investigating and adjusting the subject insurance claim at issue in this lawsuit.

2.3 Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because the causes of actions stated herein arose in King County, Washington.

## III. FACTUAL ALLEGATIONS

3.1. Steven Van and Stephanie B. Rim (the "Vans") own the residential property located at 22607 41st Pl. S, Kent, Washington 98032 (the "Home").

3.2. Allstate sold the Vans a House and Home policy – broad form residential insurance policy (Policy No. 820 138 812) that covered the Home subject to the terms, conditions, limitations, exclusions, and exceptions stated therein (the "Policy").

3.3. On or about October 9, 2023, while the Policy was in effect, the Home sustained water damage (the "Loss").

/ / /

COMPLAINT – Page 2
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

3.4. The entirety of the property damage to the Home is covered under the Policy because of the Loss.

3.5. The Vans promptly submitted a claim to Allstate under the Policy for the property damage caused by the Loss and Allstate designated it at Claim No. 0731894648 (the "Claim").

3.6. Allstate accepted coverage for the Claim.

3.7. Shortly after the Loss, the Vans retained the services of Affordable Restoration to mitigate the property damage to the Home caused by the Loss.

3.8. The Vans and Affordable Restoration executed an Emergency Service Contract ("Work Authorization") authorizing Affordable Restoration to proceed with and complete Phase 1 emergency mitigation services, including all chemical treatments and the use of equipment, for the mitigation, repair, and restoration of damage to the Home necessitated by the Loss.

3.9. Affordable Restoration performed its mitigation services and billed Van $98,836.53 in accordance with the Work Authorization.

3.10. The scope of work and amount charged by Affordable Restoration was commercially reasonable and necessary based on the property damage to the Home because of the Loss.

3.11. The Affordable Restoration invoice(s) were submitted to Allstate for payment.

3.12. Allstate disputed the invoice(s), including desk adjustments and unilateral write-downs of the Affordable Restoration invoices inconsistent with the terms of the IICRC.

3.13. Allstate unreasonably delayed its investigation and adjustment of the claim, including the mitigation estimates and invoices provided by Affordable Restoration.

/ / /

COMPLAINT – Page 3
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

3.14. On January 18, 2024, Van and Affordable Restoration executed a Post Loss Assignment ("PLA") assigning from Van to Affordable Restoration Van's rights, benefits, and interests in the Allstate Policy, any proceeds payable under the Allstate Policy, and any claims Van may have against Allstate relating to the Loss or the Claim.

3.15. The terms of the Work Authorization and PLA were explained to the Vans prior to execution and the Vans were provided an opportunity to negotiate the Work Authorization and PLA prior to execution. Van voluntarily executed the PLA and Work Authorization.

3.16. After a significant delay, six months after the Loss in March 2024, Allstate issued an undisputed payment to Van in the amount of $59,653.21, leaving a shortfall in the amount owed to Affordable Restoration in the principal amount of $39,183.32. Late fees and interest pursuant to the Work Authorization have been incurred and continue to accrue.

3.17. During the claim, the Vans and Affordable Restoration worked cooperatively to seek payment from Allstate for the full amount of the Affordable Restoration invoice(s) for the mitigation work performed at the Home because of the Loss.

3.18. Allstate did not issue additional payments to Van for the Affordable Restoration invoices and have failed to adjust and investigate the Loss consistent with the IICRC and standards of care for water mitigation work.

3.19. The Vans do not dispute that Affordable Restoration's scope of work, and the amount charged by Affordable Restoration were commercially reasonable and necessary based on the property damage to the Home because of the Loss.

3.20. Rather than pursue the Vans for the deficiency in its invoice(s), Affordable Restoration has elected to pursue the Vans' claims against Allstate pursuant to the PLA.

COMPLAINT – Page 4
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

3.21. Allstate's acts and omissions in investigating and adjusting the Claim breached the obligations imposed on it by the Washington Administrative Code ("WAC"), including, but not limited to, one or more of the following:

    a.    WAC 284-30-330(2):  Failing to acknowledge, act reasonably and promptly upon communications with respect to claims arising under insurance policies.

    b.    WAC 284-30-330(3):  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

    c.    WAC 284-30-330(4):  Refusing to pay claims without conducting a reasonable investigation.

    d.    WAC 284-30-330(7):  Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

    e.    WAC 284-30-330(13):  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

    f.    WAC 284-30-370:  Standards for prompt investigation of a claim.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Breach of Contract

4.1. Affordable Restoration incorporates the preceding paragraphs as if fully set forth herein.

/ / /

COMPLAINT – Page 5
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

4.2. Allstate's refusal to pay the full amount to mitigate the property damage to the Vans' Home was incorrect and constitutes a breach of the Policy.

4.3. The Vans have performed all obligations and conditions precedent to obtaining coverage under the Policy, except those that have been waived or excused. As a direct and proximate result of Allstate's breach of the Policy, the Vans have suffered damages in an amount to be proven at the time of trial and which are recoverable by Affordable Restoration pursuant to the PLA.

## SECOND CLAIM FOR RELIEF

### Insurance Bad Faith

4.4. Affordable Restoration incorporates the preceding paragraphs as if fully set forth herein.

4.5. Allstate was under a duty to act in good faith with respect to its handling and investigation of the Vans' Claim.

4.6. Allstate breached its obligation to adjust, handle, and investigate the Claim in good faith, and their conduct was unreasonable, frivolous, unfounded, and in violation of relevant WAC regulations.

4.7. Allstate unreasonably handled the Claim for coverage by, among other things, placing its interests before those of the insured, failing to adequately investigate for coverage, and failing to promptly acknowledge and respond to pertinent communications.

4.8. Allstate's breach of their obligation to act in good faith has damaged the Vans in an amount to be proven at the time of trial and which is recoverable by Affordable Restoration pursuant to the PLA.

COMPLAINT – Page 6
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

## THIRD CLAIM FOR RELIEF

### Violation of the Consumer Protection Act – RCW 19.86

4.9. Affordable Restoration incorporates the preceding paragraphs as if fully set forth herein.

4.10. Allstate had an obligation to comply with the Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, and the regulations set forth in WAC 284-30 in its adjustment, handling, and investigation of the Claim.

4.11. Allstate's acts and omissions described herein, including its violations of the WAC provisions stated above, constitute unfair or deceptive acts or practices under the CPA.

4.12. Allstate's conduct as described herein, including its investigation and adjustment of the Claim, occurred in trade or commerce and impacted the public interest.

4.13. The Vans suffered actual damages to their property, in an amount to be proven at trial, because of Allstate's unfair or deceptive acts or practices, and which is recoverable by Affordable Restoration pursuant to the PLA.

4.14. Affordable Restoration is entitled to recover treble damages and its attorney fees and costs under RCW 19.86.090.

## FOURTH CLAIM FOR RELIEF

### Violation of the Insurance Fair Conduct Act – RCW 48.30.015

4.15. Affordable Restoration incorporates the preceding paragraphs as fully set forth herein.

4.16. Allstate has an obligation to comply with the Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA").

COMPLAINT – Page 7
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

4.17. Affordable Restoration, as an assignee of the Vans, provided Allstate with notice as required by the Insurance Fair Conduct Act ("IFCA") that was mailed on or about February 23, 2024.

4.18. More than 20 days have passed since Affordable Restoration provided Allstate with the IFCA notice without resolution of the bases of Affordable Restoration's claim, as assignee of the Vans, that Allstate violated the IFCA. In fact, Allstate did not respond to the IFCA notice.

4.19. Allstate unreasonably denied the Vans' Claim for coverage or payment of benefits and violated the WAC claim handling regulations set forth herein.

4.20. The Vans are a first-party claimant under the IFCA.

4.21. Allstate violated the IFCA.

4.22. The Vans sustained damages in an amount to be proven at the time of trial as a result of Allstate's violation of the IFCA.

4.23. Affordable Restoration is entitled to recover its attorney fees and costs under RCW 48.30.015(1) and (3).

4.24. Affordable Restoration respectfully request the Court order Allstate to pay enhanced (treble) damages under RCW 48.30.015(2).

## V. JURY DEMAND

5.1 Affordable Restoration demands a jury trial on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Affordable Restoration, Inc. respectfully requests this Court:

1. Enter a judgment in its favor, and against Defendant, on each of its claims;

///

COMPLAINT – Page 8
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

2. Award damages in its favor in the full amount of its causes of action, in an amount to be proven at the time of trial;

3. Award it enhanced damages pursuant to RCW 19.86.090;

4. Award it costs, disbursements, and attorney fees to the maximum extent permitted by law, including pursuant to *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 679 (1991), for Defendants' bad faith, and RCW 19.86.090;

5. Otherwise award it attorney fees and costs;

6. Award pre-judgment interest on the amount of insurance benefits owed at the maximum legal rate; and

7. Award such other relief as is just and proper.

DATED this 10th day of May, 2024.

FOREMAN STURM & THEDE, LLP

By: */s/ Kyle A. Sturm*
Kyle A. Sturm, *pro hac vice forthcoming*

By: */s/ Nicholas A. Thede*
Nicholas A. Thede, WSBA No. 43765

By: */s/ Scott A. MacLaren*
Scott A. MacLaren, WSBA No. 53241
Foreman Sturm & Thede LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: (503) 206.5824
Email: kyle.sturm@foremansturm.com
nick.thede@foremansturm.com
scott@foremansturm.com

*Attorneys for Plaintiff Affordable Restoration, LLC*

COMPLAINT – Page 9
Case No. 2:24-cv-00654

FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693